Dear Major Zinna:
Your request for an opinion from the Attorney General's office has been forwarded to me for research and reply. Specifically, you ask about the legality of releasing C.A.D. (Computer Aided Dispatch) reports. After discussing this request with you, it is my understanding that C.A.D. reports consist of E-911 tapes, along with any other information given to emergency dispatchers during the course of interactions with callers, law enforcement and other public service personnel.
Previous opinions rendered by this office have stated that tapes of 911 emergency phone calls are public records, subject to the exceptions set forth in the Public Records Act, La. R.S. 44:1, et seq. Accordingly, the E-911 tapes which are part of the C.A.D. reports would be subject to the Public Records Act, with the exceptions which are contained in La. R.S. 44:3. Additionally, it appears from a reading of 44:1 and 44:3 that other information in these reports is also subject to these provisions. This determination will have to be made on a case-by-case basis to determine if information fits any of the exceptions delineated in La. R.S. 44:3. Please note that in La. R.S. 44:1 (A)(1) the definition for "public body" includes a communications district. These provisions are as follows:
§ 1. General definitions
 A.(1) As used in this chapter, the phrase "public body" means any branch, department, office, agency, board, commission, district, governing authority, political subdivision, or any committee, subcommittee, advisory board, or task force thereof, or any other instrumentality of state, parish, or municipal government, including a public or quasi-public nonprofit corporation designated as an entity to perform a governmental or proprietary function. (Emphasis added)
Also, La. R.S. 44:3, which is reproduced below, specifically applies to communication districts:
 § 3. Records of prospective, investigative and law enforcement agencies, and communications districts
 A. Nothing in this Chapter shall be construed to require disclosures of records, or the information contained therein held by the offices of the attorney general, district attorneys, sheriffs, police departments, Department of Public Safety and Corrections, marshals, investigators, public health investigators, correctional agencies, communications districts or intelligence agencies of the state, which records are:
 (1) Records pertaining to pending criminal litigation or any criminal litigation which can be reasonably anticipated, until such litigation has been finally adjudicated or otherwise settled; or
 (2) Records containing the identity of a confidential source of information or record which would tend to reveal the identity of a confidential source of information; or
 (3) Records containing security procedures, investigative training information or aids, investigative techniques, investigative technical equipment or instructions on the use thereof, or internal security information; or
 (4) (a) The records of the arrest of a person, other than the report the officer or officers investigating a complaint, until a final judgment of conviction or the acceptance of a plea of guilty by a court of competent jurisdiction. However, the initial report of the officer or officers investigating a complaint, but not to apply to any follow up or subsequent report or investigation, records of the booking of a person as provided in Louisiana Code of Criminal Procedure Article 228, records of the issuance of a summons or citation, and records of the filing of a bill of information shall be a public record.
 (b) The initial report shall set forth:
 (i) A narrative description of the alleged offense.
 (ii) The name and identification of each person charged with or arrested for the alleged offense.
 (iii) The time and date of the alleged offense.
 (iv) The location of the alleged offense.
(v) The property involved.
(vi) The vehicles involved.
 (vii) The names of investigating officers.
 (c) Nothing herein shall be construed to require the disclosure of information which would reveal undercover or intelligence operations.
 (d) Nothing herein shall be construed to require the disclosure of information which would reveal the identity of the victim of a sexual offense.
 (5) Records containing the identity of an undercover police officer; or records which would tend to reveal the identity of an undercover police officer; or
 (6) Records concerning status offenders as defined in the Code of Juvenile Procedure.
 B. All records, files, documents, and communications, and information contained therein, pertaining to or tending to impart the identity of any confidential source of information of any of the state officers, agencies, or departments mentioned in Paragraph A above, shall be privileged, and no court shall order the disclosure of same except on grounds of due process or constitutional law. No officer or employee of any of the officers, agencies, or departments mentioned in Paragraph A above shall disclose said privileged information or produce said privileged records, files, documents, or communications, except on a court order as provided above or with the written consent of the chief officer of the agency or department where he is employed or in which he holds office, and to this end said officer or employee shall be immune from contempt of court and from any and all other criminal penalties for compliance with this paragraph.
 C. Whenever the same is necessary, judicial determination pertaining to compliance with this section or with constitutional law shall be made after a contradictory hearing as provided by law. An appeal by the state or an officer, agency, or department thereof shall be suspensive.
 D. Nothing in this Section shall be construed to prevent any and all prosecutive, investigative, and law enforcement agencies and communications districts from having among themselves a free flow of information for the purpose of achieving coordinated and effective criminal justice.
 E. Nothing in this Section shall be construed as forbidding the release of all or part of investigative files of fires classified as arson, incendiary, or suspicious unless, after consultation with the appropriate law enforcement agency, any sheriff, district attorney, or other law enforcement agency directs that the records not be disclosed because of pending or anticipated criminal adjudication.
Therefore, it appears that C.A.D. reports are Public Records, with the exceptions stated above. This should sufficiently answer your question. However, if you need any further information, do not hesitate to contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ FRANCES E. JONES ASSISTANT ATTORNEY GENERAL
RPI/FEJ/sc